**Jose Ricardo CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01747–CR.**

Court of Appeals of Texas, Dallas.

Nov. 3, 1993.

Discretionary Review Granted March 16, 1994.

---

818

Robert Udashen, Dallas, for appellant.

Anne B. Wetherholt, Dallas, for appellee.

Before BAKER, BURNETT and MORRIS, JJ.

## OPINION

BAKER, Justice.

The grand jury indicted appellant for unlawful possession of cocaine with intent to deliver. A jury found appellant guilty and the jury assessed a twelve year sentence. Appellant contends the trial court erred by granting the State's challenge for cause against a prospective juror. Appellant contends the evidence is insufficient to support the conviction. These contentions are without merit. We affirm the trial court's judgment.

## THE DRUG BUST

Two police officers went to a vacant apartment to investigate a report of people selling drugs out of it. No one was in the apartment. They returned to the apartment one or two days later to further investigate the report of drug dealing. They approached from the rear. The rear door was slightly ajar. The officers saw appellant standing in the doorway with his left hand and part of his left arm hidden behind the door. They asked appellant to show them his hand. When appellant did not comply with this request, one of the officers grabbed appellant's arm. Appellant dropped a knife wrapped in cloth and ran across the apartment.

The officers pursued him through the apartment. They caught appellant in the bathroom and handcuffed him there. During the chase, one of the officers saw a clear plastic bag fall from appellant's body. After securing appellant, one of the officers retrieved the bag. The bag contained twenty-eight small plastic bags of crack cocaine. When informed he was under arrest for possession of cocaine, appellant stated that the cocaine did not belong to him.

The apartment where the officers arrested appellant appeared vacant. It had no electricity, running water, or telephone. There were no clothes in the apartment, no food, and virtually no furniture. The officers did not find any paraphernalia in the apartment or on appellant for consuming crack cocaine. They found two empty small plastic bags against the wall.

Another police officer testified that people commonly sell cocaine from a vacant house or apartment, called a trap or a crack house. A person would not purchase for his own consumption twenty-eight bags of small pieces of cocaine. Instead, a person would buy one large piece, which would be less expensive than buying the same amount of cocaine in smaller pieces. Each baggie of cocaine would sell for ten to twenty dollars, making

the total street value of the cocaine $280–$560. It would be unusual for anyone to leave twenty-eight bags of cocaine lying in an apartment without someone guarding them because someone would have to answer for the cocaine. He said that, considering various factors, he believed appellant possessed the drugs with the intent to sell them.

Appellant testified on his own behalf. A friend he had met earlier that day told him he could stay in the apartment. However, another friend had told appellant that people sold drugs out of the apartment. Appellant's friend brought him to the apartment. The friend loaned appellant the knife so he could make cloth crosses. Appellant had only been in the apartment ten minutes when the police arrived. He ran from the police because he was afraid he would go back to jail if the police found him with the knife. Appellant denied knowing anything about the cocaine.

## SUFFICIENCY OF THE EVIDENCE

### 1. Standard of Review

█ In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Turner v. State,* 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). This standard applies in both direct and circumstantial cases. *Turner,* 805 S.W.2d at 427. In this process, a jury may reject evidence and testimony that suggest innocence. The trier of fact is the sole judge of the witnesses' credibility and can believe all or any part of the testimony. *Williams v. State,* 692 S.W.2d 671, 676 (Tex. Crim.App.1984). The finder of fact need not believe even uncontroverted testimony. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex. Crim.App. [Panel Op.] 1978).

### 2. Possession of a Controlled Substance

█ Appellant contends there are insufficient affirmative links between him and the cocaine. To show possession of a controlled substance, the State must prove two elements: (1) the accused exercised care, con-

trol, and management over the contraband; and (2) the accused knew the substance was contraband. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985). Possession is more than being where the action is. Possession means dominion and control. *McGoldrick,* 682 S.W.2d at 578. If the accused does not exclusively possess the place where the authorities find the contraband, the State does not prove the two elements of possession unless additional independent facts affirmatively link the accused to the contraband. *Guiton v. State,* 679 S.W.2d 66, 69 (Tex.App.—Dallas 1984), *aff'd,* 742 S.W.2d 5 (Tex.Crim.App.1987).

█ Facts surrounding a search and arrest that link an accused to contraband include:

(1) the search turned up drugs in plain view or in areas "private" to the accused, *see Siroky v. State,* 653 S.W.2d 476, 479 (Tex.App.—Tyler 1983, pet. ref'd);

(2) the drugs were conveniently accessible to the accused, *Guiton,* 742 S.W.2d at 8;

(3) other drugs or paraphernalia not included in the charge were present, *Earvin v. State,* 632 S.W.2d 920, 925 (Tex.App.—Dallas 1982, pet. ref'd);

(4) the accused had cash and weapons, *King v. State,* 710 S.W.2d 110, 113 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd), *cert. denied,* 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 59 (1987);

(5) eyewitnesses had seen the accused with the drugs, *Miller v. State,* 667 S.W.2d 773, 776 (Tex.Crim.App.1984); and

(6) the accused fled the scene, *Chavez v. State,* 769 S.W.2d 284, 288 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

The State need not show a precise set of facts to prove possession. *See Humason v. State,* 728 S.W.2d 363, 366–67 (Tex.Crim.App. 1987), *overruled on other grounds by Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App. 1991). A circumstantial case is legally sufficient when some of these factors appear in concert. One factor alone does not support a finding of an affirmative link. *See, e.g., Herndon v. State,* 787 S.W.2d 408, 409 (Tex. Crim.App.1990); *Cude v. State,* 716 S.W.2d 46, 47–48 (Tex.Crim.App.1986); *Rhyne v.*

*State,* 620 S.W.2d 599, 601 (Tex.Crim.App. [Panel Op.] 1981).

■ The record contains evidence of several affirmative links between appellant and the cocaine. An officer saw the drugs fall from appellant's body. The drugs were in an area private to appellant and were conveniently accessible to appellant. Other drug paraphernalia, the two plastic bags, were in the room. Appellant had a knife. Appellant tried to flee from the scene. We hold that this evidence shows enough affirmative links to connect appellant to the cocaine.

### 3. Intent to Deliver

■ Appellant also contends the evidence does not support the jury's finding that he had the intent to deliver the cocaine. Intent to deliver may be proven by circumstantial evidence, such as the quantity of drugs possessed and the manner of packaging. *Smith v. State,* 737 S.W.2d 933, 941 (Tex.App.— Dallas 1987, pet. ref'd). Another factor showing intent to deliver is the presence of the accused in a trap or crack house. *See Gabriel v. State,* 842 S.W.2d 328, 332 (Tex. App.—Dallas 1992, pet. granted); *see also Edwards v. State,* 813 S.W.2d 572, 578 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

■ Here, the police found appellant alone in a supposedly vacant apartment with twenty-eight baggies of cocaine. A neighbor had told the police that drug dealing occurred in the apartment. A police officer testified that a person would not have purchased twenty-eight separate baggies of cocaine for personal consumption. The drugs were packaged in a manner consistent with drug dealing. The officer stated that the absence of any crack-smoking paraphernalia indicated that appellant possessed the cocaine with the intent to deliver it.

Appellant relies on *Turner v. State,* 681 S.W.2d 849 (Tex.App.—Dallas 1984, pet. ref'd), to show the evidence of appellant's intent to deliver is insufficient. In *Turner,* this Court held that the appellant's possession of seventeen doses of Talwin and PBZ

and $249.26 was not enough to prove intent to deliver. We stated that the facts were as consistent with the inference that the appellant had purchased the drugs for his personal consumption as with the inference that he possessed them with the intent to deliver. *Turner,* 681 S.W.2d at 850.[1] Unlike *Turner,* this record shows that appellant possessed the drugs with the intent to deliver instead of for his personal consumption. We hold the evidence sufficient to support the jury's finding that appellant possessed the cocaine with the intent to deliver. We overrule appellant's second point of error.

### VOIR DIRE

In his first point of error, appellant contends the trial court erred in granting the State's challenge for cause to prospective juror Ncel Blaydes. Appellant argues that the State cannot challenge for cause a prospective juror who states he will not convict based on the testimony of one police officer.

### 1. The Challenge for Cause

During voir dire of the entire panel, Blaydes stated, "I have one police officer tell me that a man was guilty: that is all I had, I couldn't say guilty. I couldn't do it." He agreed he felt strongly about that.

The following occurred during the individual voir dire of Blaydes:

[Prosecutor]: You had indicated that you would have trouble deciding this case if we brought you testimony of only one police officer. Could you explain what is the genesis of that?

[Blaydes]: Well, I was a drug agent for a couple of years there, and I just ran into and encountered so many things with various law enforcement persons that I worked with, and I have known of more than one to get their story—to not get their stories straight and lie, frankly. I would be able to convict with two, but not with one. It's just no way. No way I could find guilty with just one officer. There would be a reasonable doubt. Be automatic.

1. The Texas Court of Criminal Appeals has implicitly overruled *Turner. See Geesa v. State,* 820

S.W.2d 154, 161 (Tex.Crim.App.1991).

[Prosecutor]: Automatic?

[Blaydes]: Automatic reasonable doubt.

. . . .

The Court: ... I would think that, Mr. Blaydes, the question that he asked was if you believed the witness?

[Blaydes]: I wouldn't automatically believe the witness.

. . . .

The Court: You would prejudge?

[Blaydes]: Yes, I would prejudge one peace officer; not two or three, but one, yeah. I have a problem with that because drug cases are just so different, as far as I'm concerned, than other types of criminal cases.

. . . .

[Defense Counsel]: ... [I]f there was one witness, and that one witness gave testimony, are you saying that no matter how credible, even if you believed him a hundred percent, you would still not be able to fairly decide this case based on just one person's testimony?

[Blaydes]: No. If he convinced me, if he convinced me, and there were other corroborative testimony, that it was crack, you know, and—

[Defense Counsel]: You know, the other corroborative evidence might not be another live person, but may be physical evidence; so, if there was—if that one witness convinced you, then you had other things that corroborated it, you could believe that one witness?

[Blaydes]: I'll be honest with you, what I would do, I would pray and ask God whether the man was telling me the truth, the police officer, and if God told me, yes, and there was other evidence that it was crack that was taken into, you know, as evidence, yeah, yeah, I would find your man guilty.

[Defense Counsel]: Okay.

The Court: That is with one witness?

[Blaydes]: With one witness, right. See, I would be under pressure in there, but if I got the—got the answer when I prayed over it, if the one witness was telling the truth, I would find that man guilty.

. . . .

[Prosecutor]: What if you prayed over it, and you didn't get an answer?

[Blaydes]: That is why I was doing this. With—with all I know, if I was under pressure, wasn't given enough time to get an answer, very quick trial, then I would have to acquit because there would be a reasonable doubt there. You see, there is an—automatically a reasonable doubt unless I have been given some sort of sign, because anyone could say anything.

. . . .

The Court: ... [Y]ou have already prejudged the facts that you couldn't convict on the testimony of one peace officer, is that correct?

[Blaydes]: Not for this particular offense. For other offenses, yeah, but not for this particular offense.

The trial court granted the State's challenge for cause over appellant's objection.

### 2. The Standard of Review

■■■ We review the trial court's ruling on a challenge for cause for juror bias on an abuse of discretion standard. We do not disturb the ruling absent an abuse of discretion. *Vaughn v. State*, 833 S.W.2d 180, 184 (Tex.App.—Dallas 1992, pet. ref'd). An abuse of discretion occurs only when the trial court's decision is so clearly wrong that it lies outside that zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 683 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). The State may challenge for cause a venireman who has a bias or prejudice against any phase of the law upon which the State may rely for conviction or punishment. TEX.CODE CRIM.PROC.ANN. art. 35.16(b)(3) (Vernon Supp.1993).

### 3. The Issue

■■■ The issue here is whether a venireman who states that he cannot convict based on the testimony of one police officer has a bias or prejudice against a phase of the law on which the State may rely for conviction. Appellant notes that the court of criminal appeals has held that the State can challenge

for cause a venireman who expresses an inability to convict based on the testimony of only one eyewitness. *See Caldwell v. State,* 818 S.W.2d 790, 797 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1684, 118 L.Ed.2d 399 (1992). Appellant argues that the court of criminal appeals effectively overruled *Caldwell* in *Garrett v. State,* 851 S.W.2d 853 (Tex.Crim.App.1993).

### 4. Analysis of *Caldwell* and *Garrett*

In *Garrett,* the court of criminal appeals held that the State could not challenge for cause a venireman who expressed an inability to answer "yes" at the punishment phase of a capital murder trial to the special issue on the defendant's future dangerousness based only on the facts of the offense. *Garrett,* 851 S.W.2d at 860. In so holding, the court expressly overruled *Marras v. State,* 741 S.W.2d 395 (Tex.Crim.App.1987). The *Garrett* court stated, "That an individual venireman would set his threshold of reasonable doubt higher than the minimum required to sustain a jury verdict does not indicate he has a bias or prejudice against the law." *Garrett,* 851 S.W.2d at 860.

Appellant argues that this last statement applies to venireman Blaydes. Appellant asserts that *Garrett* applies to this case because Blaydes, in refusing to convict based on the testimony of one police officer, set his threshold of reasonable doubt higher than the minimum required to sustain a jury verdict and so did not indicate a bias or prejudice against the law.

We do not read *Garrett* so broadly. *Garrett* concerns only the venireman's bias or prejudice against the law at the punishment phase of a capital trial. This case involves bias or prejudice against the law at the guilt-innocence phase. The considerations for and evidence adduced at these two phases are different.

At the punishment phase of a capital case, the law does not limit the State to presenting only the facts of the offense. To prove future dangerousness, the State can present evidence of the defendant's background and character, criminal record, psychiatric history, and any other evidence the court deems relevant. *See* Tex.Code Crim. Proc.Ann. art. 37.071, § 2(a) (Vernon Supp. 1993); *Vuong v. State,* 830 S.W.2d 929, 935 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992); *Crane v. State,* 786 S.W.2d 338, 354–55 (Tex.Crim. App.1990).

However, at the guilt-innocence phase, the State can only present the existing evidence of the offense. If there is only one witness to the offense, the State has the right to have the case tried by jurors who will objectively consider the testimony of that one witness. *See Caldwell,* 818 S.W.2d at 797. If the only witness is a police officer, the State has the right to have the case tried by jurors who will objectively consider the police officer's testimony. *Cf. Leach v. State,* 770 S.W.2d 903, 907–08 (Tex.App.—Corpus Christi 1989, pet. ref'd).

The court of criminal appeals has always allowed the State to challenge for cause veniremen who express an inability to convict based solely on a class of legitimate evidence. *See Caldwell,* 818 S.W.2d at 797 (unable to convict based on testimony of one eyewitness); *May v. State,* 738 S.W.2d 261, 271 n. 7 (Tex.Crim.App.) (could not consider accomplice witness testimony), *cert. denied,* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 158 (1987); *Barnard v. State,* 730 S.W.2d 703, 712–14 (Tex.Crim.App.1987) (unable to convict based on circumstantial evidence), *cert. denied,* 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988); *see also Leach,* 770 S.W.2d at 907–08 (unable to convict based on police testimony). *Garrett* contains no indication that the court of criminal appeals intended to overrule this line of case law. We conclude *Garrett* does not apply in this case.

Applying *Caldwell,* venireman Blaydes clearly had a bias or prejudice against the law on which the State had a right to rely. We hold that the trial court did not err in granting the State's challenge for cause to venireman Blaydes. We overrule appellant's first point of error.

We affirm the trial court's judgment.