Patricia Diane **LEONARD**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–94–549–CR.

Court of Appeals of Texas,
Fort Worth.

May 9, 1996.

Mary Thornton, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, Danielle

A. LeGault, Bill Durkin and John Cope, Assistants, Fort Worth, for Appellee.

Before BRIGHAM, CHUCK MILLER and H. BRYAN POFF, Jr. (Sitting by Assignments), JJ.

**OPINION**

CHUCK MILLER, Justice (Sitting by Assignment).

Patricia Diane Leonard, appellant, was tried and convicted before a jury for the offense of possession of methamphetamine of an amount less than twenty-eight grams. The trial court assessed punishment at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, she complains in four points of error of the trial court's actions in sustaining the State's challenge for cause to four separate venirepersons. We affirm.

During voir dire, the State successfully challenged four venirepersons who said they would require more than one witness before they could convict someone of a crime. The gist of the beliefs of the venirepersons is as follows:

- Venireperson number 12 stated to the court that even if she was satisfied beyond a reasonable doubt that the witness was telling the truth and even if one witness satisfied her beyond a reasonable doubt that all the elements that the State had to prove were proved, she still could not convict based on the testimony of just that one witness.[1]
- Venireperson number 22 stated to the court that if he heard one witness testify, and if he *was satisfied* that the testimony was right and was believable and made sense, and if the testimony proved every one of the State's points that it had to prove beyond a reasonable doubt, then he could convict based on that one witness's testimony. He further stated that it was doubtful one witness *could satisfy* him.[2]
- Venireperson number 24 stated to the court that if only one witness testified to all the elements the State had to prove,

---

1. A text of the exchange for venireperson number 12 is attached to this opinion as Appendix A.

2. A text of the exchange for venireperson number 22 is attached to this opinion as Appendix B.

he did not think he could convict based on that one witness's testimony even if he was satisfied that what the witness was testifying to was true, and that through that witness the State had proved what it had to beyond a reasonable doubt. The venireperson went on to clarify his position and say that one witness could not convince him beyond a reasonable doubt, rather he needed more than one witness to be convinced to that level.[3]

- Venireperson number 31 stated that if only one witness testified and she believed the witness, and became convinced beyond a reasonable doubt that the witness was telling the truth, she still could not convict based on the testimony of that one witness even if that one witness satisfied her beyond a reasonable doubt that all the elements that the State had to prove were proved.[4]

We perceive subtle differences between the answers given by venirepersons 12 and 31 and those given by venirepersons 22 and 24. It is in understanding those differences and their effect that we now turn.

Much has been written in the recent past on this area of the law. In *Caldwell v. State*, 818 S.W.2d 790 (Tex.Crim.App.1991), *cert. denied*, 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 399 (1992), the court held that it was proper to sustain a State's challenge for cause to a venireperson who would require more than one witness in order to convict. *Id.* at 797; TEX.CODE CRIM.PROC.ANN. art. 35.16(b)(3) (Vernon Supp.1996) (referring to a bias against a phase of the law upon which the State was entitled to rely). The reasoning was founded on several notions. First, that it was proper to exclude a person who could not convict on circumstantial evidence alone. As authority, the court cited *Barnard v. State*, 730 S.W.2d 703, 712–14 (Tex.Crim. App.1987), *cert. denied*, 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988) and *Demouchette v. State*, 731 S.W.2d 75, 82–83 (Tex.Crim.App.1986), *cert. denied*, 482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987). *Caldwell*, 818 S.W.2d at 797. Although *Bar-*

*nard, Demouchette*, and *Caldwell* do not explain *why* it was proper to exclude a person who could not convict on circumstantial evidence alone, presumably it was because circumstantial evidence alone is enough, from a sufficiency of the evidence standpoint, to uphold a conviction. Second, it was proper because forcing the State to prove its case with more than one eyewitness was an even greater burden than the circumstantial evidence burden. Third, it clearly followed that it was proper because a person who demanded more than one witness in order to convict was even more properly excluded than a person who required direct, as opposed to circumstantial, evidence in order to convict. *Caldwell* then, at least sub silentio, seemed to rely on the notion that if a venireperson demanded more than the minimum evidence required to uphold a conviction on appeal, more than the minimum sufficient evidence, then that person was properly subject to a challenge for cause.

Two years after *Caldwell*, the court of criminal appeals flatly rejected the notion that a venireperson is subject to a challenge for cause simply because they require more than the minimum evidence necessary to withstand a challenge to the sufficiency of the evidence. In *Garrett v. State*, 851 S.W.2d 853 (Tex.Crim.App.1993), the court stated that even in the face of a challenge to the sufficiency of the evidence of a future dangerousness finding based solely on the facts of a capital murder case, the State could not challenge a venireperson who would individually require more than the facts of the case before he could answer "yes" to the future dangerousness question. The court reasoned that sufficiency of the evidence standards are:

[A] minimum "threshold" below which a jury cannot rationally return an affirmative answer to a level of confidence beyond a reasonable doubt. However, that the law permits jurors to find future dangerousness in some cases on the facts of the offense alone does not mean that *all* jurors must do so, or even consider doing so. A

**3.** A text of the exchange for venireperson number 24 is attached to this opinion as Appendix C.

**4.** A text of the exchange for venireperson number 31 is attached to this opinion as Appendix D.

particular juror's understanding of proof beyond a reasonable doubt may lead him to require more than the legal threshold of sufficient evidence to [render a verdict for the State].

*Id.* at 859 (citation omitted). This "reasonable doubt" logic, absent in *Caldwell*, is convincing in the aftermath of the post-*Caldwell* case of *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991), wherein the court promulgated the now famous definition of reasonable doubt and stressed that it was for an individual juror to decide, based on this definition, whether, after considering all the evidence, they had a doubt based on reason that would make them hesitate to act in the most important of their own affairs. *Id.* at 162.

Next came *Wilson v. State*, 863 S.W.2d 59 (Tex.Crim.App.1993), which held much the same thing. After first recalling that the facts of a capital murder case may alone be sufficient to uphold or support an affirmative jury verdict on the issue of future dangerousness, there was no requirement that the jury ever do so. Thus:

As we recently held in *Garrett*, a venireman is not subject to challenge for cause because he believed, under the reasonable doubt standard, evidence in addition to the offense before him was needed to answer the second punishment issue affirmatively.

*Id.* at 69.

In its brief, the State argues that *Caldwell* is still good law and that the likes of *Garrett* should be limited to its capital murder facts. The Austin Court of Appeals and the Dallas Court of Appeals agreed with this argument. *See Zinger v. State*, 899 S.W.2d 423, 427–28 (Tex.App.—Austin 1995, pet. granted); *Castillo v. State*, 867 S.W.2d 817, 822–23 (Tex. App.—Dallas 1993), *vacated and remanded*, 913 S.W.2d 529 (Tex.Crim.App.1995). Appellant argues that *Garrett* squarely overrules *Caldwell*. Fortunately, the court of criminal appeals has settled this question in its opinion in *Castillo*. A five to four majority of the court squarely settled the matter:

We now hold that a venireman who categorically refuses to render a guilty verdict on the basis of only one eyewitness is not challengeable for cause on that account so long as his refusal is predicated on his reasonable understanding of what constitutes proof beyond a reasonable doubt. To the extent it conflicts with this holding, we overrule *Caldwell*.

Like [the venireman] in *Garrett*, a venireman who categorically refuses to render a guilty verdict on the basis of a single eyewitness may only be indicating that his threshold for proof beyond a reasonable doubt is somewhat higher than the minimum that the law recognizes as sufficient. Unless we are prepared to hold that jurors must always convict on the basis of legally sufficient evidence, we cannot say that such a venireman has a bias against the law. We were mistaken in *Caldwell* to assume that a venireman who will not convict on the basis of one eyewitness is necessarily holding the State to a higher burden than that required by law. As long as the law permits a range of "reasonable doubt," the individual venireman who says he will hold the State to the high end of the range is not requiring anything that the law does not tolerate.... If the State does not want that venireman on the jury, it is obliged to use one of its statutorily allotted peremptory challenges to remove him.

*Castillo*, 913 S.W.2d at 533 (footnote omitted).

The court went on to hold that if a venireperson could not convict on the basis of only one eyewitness's testimony, even though he believed the witness and the witness's testimony convinced him beyond a reasonable doubt of the defendant's guilt, the venireperson would properly be subject to a challenge for cause. This is because the venireperson is holding the State to a higher burden of proof than the law allows. This was labeled an "agenda of his own for conviction" that bears no relation to the law. *Id.* at 533–34. Thus, the challenging party must show that the venireperson's refusal to convict on the testimony of only one witness is based on something more than his understanding of proof beyond a reasonable doubt. The court concluded with the notation that nothing in *Geesa* challenges this holding. It seems quite obvious that the holding in *Zinger* is

similarly invalidated by the court of criminal appeals' *Castillo* opinion.

■ Therefore, it is clear to us that the State has the burden to show that a venireperson who cannot convict on the basis of one witness's testimony is holding that belief as a personal agenda and would still not convict even if they believed the witness beyond a reasonable doubt. The State must also show that the venireperson could not vote to convict even if the witness convinced the venireperson beyond a reasonable doubt of all the elements the State was 'required to prove.

■ Turning now to the facts of the instant case, venirepersons 12 and 31 seem clearly to be properly challengeable for cause by the State[5] because both of them could not convict based only on the testimony of one witness even if they "believed the State's only eyewitness, and that testimony convinced [them] beyond a reasonable doubt of the defendant's guilt." *Castillo*, 913 S.W.2d at 533.

■ Venireperson 22, however, fits squarely within the prohibition of *Castillo*. He stated that he could convict if one witness satisfied him beyond a reasonable doubt, but that he doubted one witness could so satisfy him. This, we feel, is just what the court of criminal appeals meant when it referred to a venireperson who is only "indicating that his threshold for proof beyond a reasonable doubt is somewhat higher than the minimum that the law recognizes as sufficient." *Id.* The State thus failed to meet its burden to show that this venireperson's refusal was based on something more than his understanding of proof beyond a reasonable doubt.

■ Similarly, venireperson 24 only indicated that one person could not convince him beyond a reasonable doubt. Under questioning by the trial judge, he initially indicated that he could not convict based only on the one witness's testimony even if he was convinced by one witness beyond a reasonable doubt:

> THE COURT: Okay. I'm going to have two questions and just bear this in mind. Assume we have one witness and that one witness testified to all the elements that the State had to prove and you were satisfied that what he was doing, what he was testifying to was true, and that the State had proved it beyond a reasonable doubt, would you be able to convict based on that one witness's testimony?
>
> PROSPECTIVE JUROR: I don't think so.

However, almost immediately, in response to questioning by the defense attorney, he stated, "I won't be believing beyond a reasonable doubt unless there are [sic] more than one person." We believe this is not vacillation, but rather is a venireperson clarifying and evolving his answer to a clear and firm position that one witness could not convince him beyond a reasonable doubt, as opposed to believing that one person could convince him beyond a reasonable doubt but he would still need more to convict. Thus, we hold that the trial judge erred[6] when he sustained the State's challenge for cause to venirepersons 22 and 24.[7]

---

5. The defense would probably not be able to challenge them for cause. *See Morrow v. State*, 910 S.W.2d 471, 474 (Tex.Crim.App.1995) (while the State may exercise a challenge for cause against a venireperson who shows a bias or prejudice against either the State or the defendant, the defendant may only challenge a venireperson who has a bias against the defendant), *petition for cert. filed* (U.S. Dec. 5, 1995) (No. 95–6992).

6. We note, however, that at the time of this trial, the holding of the Dallas Court of Appeals in *Castillo* was in effect, and the trial judge thus was following the only case law squarely on point from a higher court. We also note that the Austin Court of Appeals fell into the same trap in

*Zinger* when it held that rulings by another trial judge, identical to the rulings in this case, were proper.

7. We are mindful that great deference is to be given to the trial court, which has broad discretion in ruling on a challenge. *Pyles v. State*, 755 S.W.2d 98, 106 (Tex.Crim.App.), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *Burton v. State*, 805 S.W.2d 564, 568 (Tex.App.—Dallas 1991, pet. ref'd). That deference has limits, however, and when the record is clear, we will not uphold a trial court's decision simply because the State can point to "magic words" in the statement of facts that support their challenge for cause.

Such error is reversible if the effect of the judge's action was to give the State an additional peremptory challenge. *Payton v. State,* 572 S.W.2d 677, 680 (Tex.Crim.App. 1978) (op. on reh'g). Harm may only be shown by the record reflecting that the State exhausted all of its peremptory challenges. *Id.* at 680; *Smith v. State,* 859 S.W.2d 463, 464 (Tex.App.—Fort Worth 1993, pet. ref'd). In neither the State's nor the appellant's brief is the issue of harm addressed. We have examined the record, however, and have found it void of anything that would indicate that the State used its peremptory challenges. Neither the jury list nor the strike lists are in the record, and the statement of facts is devoid of any mention of the use of peremptory strikes. Thus, harm has not been shown. *See Payton,* 572 S.W.2d at 680.

For the forgoing reasons, appellant's points of error are overruled. The judgment of the trial court is affirmed.

## Appendix A

### Venireperson No. 12

THE COURT: How are you today?

PROSPECTIVE JUROR: Just fine.

THE COURT: Ms. Junior, you've indicated, I think, that—in answer, I think, to the district attorney's question that you might require more than one witness and the proof from more than one witness before you could find a defendant guilty, is that correct?

PROSPECTIVE JUROR: Yes, sir. If I understood the question right.

THE COURT: Let me word it to you this way. If I were to instruct you that if you were satisfied that the State had met its burden of proof that the defendant was guilty of the charged crime beyond a reasonable doubt that you would vote for conviction.

Now, the question gets to be whether or not there was just one witness. And one witness who might convince you that all of the elements have been met, if—if you were satisfied that that one witness had, beyond a reasonable doubt, convinced you that all the elements were met, would you be able to convict the defendant if there was just one witness? Did I make myself clear?

PROSPECTIVE JUROR: No.

THE COURT: Let me start again. Let me start again.

In the event the State only had one witness and that witness testified and you listened and you were satisfied that what that witness said convinced you beyond a reasonable doubt that all the elements of the State had to prove were there and they were proved, would you be able to convict based on that witness's testimony alone?

PROSPECTIVE JUROR: No.

THE COURT: You wouldn't?

PROSPECTIVE JUROR: No.

THE COURT: Any questions, Mr. Johnson?

MR. JOHNSON: Are you saying that you could never convict someone just on the testimony of one person?

PROSPECTIVE JUROR: I don't believe I could.

MR. JOHNSON: Is there anything magic about one to you?

PROSPECTIVE JUROR: Is this—she's not—her side hasn't shown anything? I mean, just got one person on the district attorney's side and they're saying she did it and you're suppose[d] to convict her on that?

MR. JOHNSON: Well, and you heard all the testimony that person gave and you believe beyond a reasonable doubt that that person was telling the truth and that he testified to all the necessary things to make her guilty, could you convict?

PROSPECTIVE JUROR: No.

THE COURT: Okay. Okay. Thank you, Ms. Junior. You may step down. If you'll be back about 4:00 o'clock.

## Appendix B

### Venireperson No. 22

THE COURT: Mr. Reed, you indicated, I think, that you had a question of conviction on just one witness's testimony, is that right? Did I read you right on that?

PROSPECTIVE JUROR: No.

THE COURT: In other words, if you found that one witness testified—

PROSPECTIVE JUROR: Okay.

THE COURT: —and proved all the elements of the case, would you be able to convict just on that one witness's testimony?

PROSPECTIVE JUROR: I would not because that—just that one person's testimony would not prove to me that that person saw that circumstance. It would depend on what they were testifying to.

THE COURT: That's all we're asking you to do.

PROSPECTIVE JUROR: But it would depend—I mean, I know that always people see it in their own light and that it would be better for me to have other people.

THE COURT: Okay. And I understand that it would be better to. But let me say this. That if you were in the jury box and you heard this witness testify and you were satisfied that what he or she testified to was right, was believable, made sense, and what they testified to proved every one of the State's points beyond a reasonable doubt, all the burden that the State had beyond a reasonable doubt, would you be able to convict on that one witness's testimony?

PROSPECTIVE JUROR: I guess I would have to.

THE COURT: No, you wouldn't have to.

PROSPECTIVE JUROR: But—well, if I was satisfied with that person's—

THE COURT: Yes, if you were satisfied.

PROSPECTIVE JUROR: I mean, you know, we're talking about—

THE COURT: First of all, let me ask you, if you were satisfied, would you be able to convict on that one person's testimony? I've got one question to ask you after that.

PROSPECTIVE JUROR: Yeah.

THE COURT: Okay. Now, the next question is, would you be able to be satisfied just based on one person's testimony?

PROSPECTIVE JUROR: Doubtful.

THE COURT: Okay. Any questions, Mr. Johnson?

MR. JOHNSON: No, Your Honor.

THE COURT: Any questions?

MR. COPE: No.

THE COURT: Thank you very much for your candor.

## Appendix C

### Venireperson No. 24

THE COURT: Mr. King, you had indicated, I think, that you had a problem with finding someone guilty based on one witness's testimony, is that correct?

PROSPECTIVE JUROR: That is correct.

THE COURT: Now—and you indicated, I believe, that that was based upon what you had—you felt like was a religious tenant, is that right?

PROSPECTIVE JUROR: Well, it's hard for me to take one person and—because he can lie.

THE COURT: Okay.

PROSPECTIVE JUROR: He may say anything.

THE COURT: Okay. I'm going to have two questions and just bear this in mind. Assume we have one witness and that one witness testified to all of the elements that the State had to prove and you were satisfied that what he was doing, what he was testifying to was true, and that the State had proved it beyond a reasonable doubt, would you be able to convict based on that one witness's testimony?

PROSPECTIVE JUROR: I don't think so.

THE COURT: Okay. Well—any questions, Mr. Johnson?

MR. JOHNSON: Are you saying that in no case could you convict where there was just a single witness testifying to all the elements of the offense?

PROSPECTIVE JUROR: Well, it would be hard for me to just go on one.

MR. JOHNSON: It would be hard, but could you?

PROSPECTIVE JUROR: I would have to be in that predicament to say. But really, basically, I don't think I would. Because I think there's got to be two people to collaborate.

MR. JOHNSON: Well, you would prefer there be two people. But if you believed beyond a reasonable doubt everything this person said—

PROSPECTIVE JUROR: Well, I won't be believing beyond a reasonable doubt unless there are [sic] more than one person.

MR. JOHNSON: Okay.

THE COURT: Thank you very much, Mr. King. You can step outside. If you'll be back—what did I just say, in about 25 minutes?

BAILIFF STUTTS: Twenty-five.

Appendix D

Venireperson No. 31

THE COURT: I'm sorry to have made you wait so long, but it just takes awhile to get through these.

PROSPECTIVE JUROR: That's fine.

THE COURT: We need to ask you about three things, I think, that were bought [sic] up when you answered.

First of all, you indicated you had a problem with proof of a case from just one witness. Let me ask you this. And you're going to have to assume this to be the facts because, as I told you before, we can't go into what the facts are.

But let's assume that you were on the jury and—and there was only one witness, and that witness testified and you listened to the witness, you were convinced that what the witness was telling was the truth, and that witness testified that all the items that the State had to prove were true, and you were satisfied that that proof was beyond a reasonable doubt, as I would give you a definition of at the time of the charge.

Now, all of those assumptions you've got to take because that's where we are right now. But there was just one witness. Would you

still not be able to convict based on that one's person [sic] testimony?

PROSPECTIVE JUROR: Before we go any further, my grandson right now is in a similar situation like this. And I don't know if you would want to—to disqualify me or not.

THE COURT: Let me ask you this. That being the case, and I think that was the next thing we were going to get into, something on your mind. Would you then take the situation you have with your grandson and sort of plug that into your decisions in this case? Or would you be able to listen to the witnesses from the stand here?

PROSPECTIVE JUROR: I believe I could be truthful in answering the question that you asked me first. Sometimes people are very persuasive in what they say and they might convince you of something. So, on just one person's witness, I—I don't believe I could go by that because of that.

THE COURT: Mr. Johnson, do you have any questions?

MR. JOHNSON: Well—but could you, in a proper case, and you've listened to all the testimony and you believe beyond a reasonable doubt that the person is guilty, and that it happens to be just one witness in a case, could you find the person guilty?

PROSPECTIVE JUROR: Just on one person's?

MR. JOHNSON: If you believe that person. Now, I'm saying you might have some difficulty weighing that testimony and you might—but if you believed that person was telling the truth and you believed him beyond a reasonable doubt, could you find a person guilty?

PROSPECTIVE JUROR: No, sir, I don't believe I could. I would just to [sic] have to have more than just that one person.

THE COURT: Thank you so much, Ms. Williams. You can step down. You can be excused for another 15 minutes.

PROSPECTIVE JUROR: Thank you.