COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ERMA FAY WILSON,                                        )

                                                                              )               No.  08-01-00319-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
238th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Midland County, Texas

Appellee.                           )

                                                                              )                
(TC# CR-26,371)

                                                                              )

 

 

O
P I N I O N

 

Erma Fay Wilson
appeals her conviction for the offense of possession of a controlled substance,
to-wit: cocaine, in an amount of four grams or more but less than 200 grams, by
aggregate weight including any adulterants and dilutants.  A jury found Appellant guilty and assessed
punishment at 8 years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice, probated to 8 years community supervision, and a suspended fine of
$1,000.  Appellant raises four issues on
appeal, in which Appellant challenges the trial court=s
denial of the motion to suppress evidence and also argues that the evidence of
Appellant=s
possession of a controlled substance was legally and factually insufficient to
sustain the conviction.  We affirm.

 








SUMMARY
OF THE EVIDENCE

On August 24,
2000, Joel Bermea and John Beasley, police officers
for the City of Midland, Texas, were on duty patrolling a high crime area of
Midland known as Athe Flats@ around nine o=clock in the evening.  At the time, Officer Bermea
was a field training officer under the supervision of Officer Beasley.  Officer Beasley testified that in his
experience the Flats neighborhood was an area where assaults, disorderly
conduct, public intoxication, narcotics trafficking, and weapons offenses were
common.  That evening, Officer Bermea, as instructed by Officer Beasley, pulled in front
of Little Man=s Barber
Shop, turned off the patrol car headlights, and left the parking lights
on.  Officer Beasley testified that he
took Officer Bermea to that area to train him in
observation techniques of suspicious behavior. 
The police officers observed a gathering of approximately six or seven
people who were standing next to or sitting on an older model vehicle.  Officer Beasley testified that the group was
initially sitting on the hood of the car, but got off the car and huddled
together towards the back of the car as if discussing something or hiding
something.  Officer Beasley instructed
Officer Bermea to look in the direction of the crowd
to see if anyone suspiciously walked away or walked away once they noticed the officers=
presence.  After about thirty-five
seconds, the officers observed Appellant walk away at a rapid pace and Officer
Beasley told Officer Bermea to make contact with
her.  According to Officer Beasley, in
his experience people have disposed of narcotics or drug paraphernalia in many
of the establishments and clubs in the area after running or walking away.  Officer Beasley also testified that he
suspected that based on the dramatic change in her behavior, Appellant may have
had contraband or a warrant for her arrest, or another reason for wanting to
try to get away from the police.








As Appellant
started walking east, the officers followed Appellant in their patrol car.  The officers approached Appellant and Officer
Bermea asked Appellant to stop.  Appellant began to Abackpedal,@ i.e. started walking away, and said Ano@
in response.  Officer Bermea
again asked Appellant to stop.  After the
second request, Officer Bermea exited the patrol car
and told Appellant to stop and that he needed to speak with her.  Appellant then ran away and both officers
pursued her on foot.  Appellant ran into
a parking lot and under a metal post fence into a driveway.  Appellant stumbled and Officer Bermea was able to grab her.  Appellant fell to the ground and briefly got
back on her feet before Officer Bermea took control
of her right arm and Officer Beasley took her left arm.  Officer Beasley stated that it took about a
minute for them to get control of Appellant=s
arms.  Officer Bermea
then placed Appellant in handcuffs while she was on the ground.  Shortly after, Officer Tim Stone arrived and
stood by Officer Bermea while Officer Beasley went to
retrieve the patrol car.  Officer Bermea testified that Appellant remained on the ground
until Officer Beasley brought the patrol car around fifteen to twenty seconds
later.  Officer Bermea
placed Appellant in the vehicle and stayed with her, standing two or three feet
away from the patrol car.  In his
testimony, Officer Bermea described Appellant as Akind of hysterical, saying why are we
harassing her@ and that
she was afraid of police.  Officer Bermea observed Officer Stone pointing something out to
Officer Beasley, but could not see what it was from the patrol car.  Officer Stone testified that he pointed to a
clear plastic baggie with a 








rock-like
substance inside of it located where Appellant had been lying on the
ground.  When Officer Beasley picked it
up, Appellant began yelling that it was not hers and stated either, Ayou can=t
put that on me, Beasley, it=s
not mine@ or Adon=t
put that on me, Beasley.@  At that point, none of the officers had told
Appellant what it was or had otherwise identified the substance.  Lab reports later determined that the
substance was 5.64 grams of crack cocaine, including adulterants and dilutants.

Officers Beasley
and Stone both testified that it was unusual to find such a big rock of crack
cocaine in the Flats.  Officer Beasley
did not see any cocaine in the area while he was in pursuit of Appellant nor
did he expect to find cocaine in the middle of the driveway not concealed.  Officer Beasley estimated that its street
value was approximately five hundred dollars. 
According to Officer Beasley, the amount of crack cocaine was too big
and worth too much for somebody just to leave on the driveway or sidewalk out
in the open.

On
cross-examination, Officers Beasley and Bermea
admitted that they did not see Appellant throw anything down on the ground
while in pursuit.  Both officers admitted
that they never saw Appellant in possession of the cocaine.  They also conceded that it did not appear
that Appellant had been using cocaine, that no drug paraphernalia was found on
her person, and that Appellant was not in exclusive control of the location in
which the struggle occurred and where the cocaine was subsequently found.  Further Marty Barrett, a Midland Police
Identification Specialist testified that he could not obtain any fingerprints
off of the plastic baggie.

Motion
to Suppress

In Issues One and
Two, Appellant argues that the trial court abused its discretion in overruling
Appellant=s motion
to suppress evidence because the State failed to establish that there was
reasonable suspicion to detain Appellant, thereby violating Appellant=s rights under the Fourth Amendment of
the United States Constitution and Article 1, section 9 of the Texas
Constitution.  We are unable to address
the merits of this argument because we find that Appellant has waived any
error.








In order to
preserve a complaint concerning the admission of evidence for appellate review,
a party must have presented to the trial court a timely request, objection, or
motion stating the specific grounds for the ruling he desired of the court
unless the specific grounds were apparent from the context.  Tex.R.App.P. 33.1; Tex.R.Evid. 103(a)(1);
Ethington v. State, 819 S.W.2d 854, 858
(Tex.Crim.App. 1991). 
It is well settled that when a pretrial motion to suppress evidence is
overruled, the defendant need not subsequently object at trial to the same
evidence in order to preserve error on appeal. 
Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); Gearing v. State, 685 S.W.2d
326, 329 (Tex.Crim.App. 1985), overruled on other
grounds, Woods v. State, 956 S.W.2d 33 (Tex.Crim.App.
1997); Traylor v.State, 855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.).  However, when the defendant affirmatively
asserts during trial that he has Ano
objection@ to the
admission of the complained-of evidence, he waives any error in the admission
of the evidence despite the adverse pretrial ruling.  Dean, 749 S.W.2d at
83; Gearing, 685 S.W.2d at 329; Traylor, 855 S.W.2d at 26.

In this case,
Appellant filed a pretrial motion to suppress evidence, which the trial court
denied following a hearing.  At trial,
Appellant was initially granted a running objection as to the cocaine that was
seized in this case.  Later during the
trial, defense counsel agreed to stipulate that the substance seized and
analyzed was cocaine and was in the amount of 5.64 grams.  The State then offered the evidence after
Officer Beasley identified it as the crack cocaine the officers found and
defense counsel affirmatively stated Ano
objection.@[1]  Later in the trial, defense counsel
approached the bench and the following exchange occurred:








Defense
Counsel:          Your Honor, before I
proceed, I need to make something clear for the record that when I didn=t
object to the cocaine coming into evidence, I assume my running objection as to
the reasons previously stated are on record that I do object to its admission
under those grounds.

 

The
Court:                    That is correct.
[Defense counsel], you have asked for a running objection, you may have it, and
you may object whenever you feel, but I understand you object to the entirety
of it, and it=s not
necessary for this Court for you to continue to object.  I realize that the objection is preserved for
my purposes for all part of this trial.

 

Appellant
initially preserved error through the trial court=s
adverse ruling on the pretrial motion to suppress.  Although not necessary, Appellant requested
and was granted a running objection to the cocaine and any reference to
it.  However, when the State offered the
cocaine into evidence, defense counsel affirmatively stated Ano objection,@
rather than merely making no objection to its admission.  Furthermore, defense counsel=s attempt to clarify his objection to
the admission of the cocaine was not timely and does not reflect his
affirmative statement of Ano
objection.@  Appellant waived her right to complain on
appeal about its admissibility.  See
Welch v. State, 993 S.W.2d 690, 694 (Tex.App.--San
Antonio 1999, no pet.); Hardin v. State, 951 S.W.2d 208, 210 (Tex.App.--Houston [14th Dist.] 1997, no pet.).  Therefore, Appellant=s
Issues One and Two are overruled.

Sufficiency
of the Evidence








In Issues Three
and Four, Appellant challenges the legal and factual sufficiency of the
evidence to support her conviction for possession of cocaine.  Specifically, Appellant contends that the
evidence does not affirmatively link Appellant to the cocaine discovered and
thus, fails to show that Appellant knowingly or intentionally possessed a
controlled substance.

Standard
of Review 

In determining the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the judgment to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2788-89, 61 L.Ed.2d 560 (1979); Geesa v.
State, 820 S.W.2d 154, 156-57 (Tex.Crim.App.
1991), overruled on other grounds, Paulson v. State, 28 S.W.3d
570 (Tex.Crim.App. 2000).  The test is the same for both direct and
circumstantial evidence cases.  Geesa, 820 S.W.2d at 161.  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See Adelman
v. State, 828 S.W.2d 418, 421 (Tex.Crim.App.
1992); Lucero v. State, 915 S.W.2d 612, 614 (Tex.App.--El
Paso 1996, pet. ref=d).  Rather, our duty is to determine if both the
explicit and implicit findings of the trier of fact
are rational by viewing all the evidence admitted at trial in the light most
favorable to the verdict.  See Adelman, 828 S.W.2d at 421-22.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
See Lucero, 915 S.W.2d at 614.








In reviewing a
factual sufficiency of the evidence challenge, this Court considers all of the
evidence, but does not view it in the light most favorable to the verdict.  Johnson v. State, 23
S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.
1996).  Evidence is factually
insufficient if it is so weak that it would be clearly wrong and manifestly
unjust to allow the verdict to stand, or the finding of guilt is against the
great weight of the available evidence.  Johnson,
23 S.W.3d at 11. 
The correct standard a reviewing court must follow to conduct a Clewis factual sufficiency review of the elements of
a criminal offense asks whether a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury=s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson,
23 S.W.3d at 11. 
Although we are authorized to set aside the jury=s
determination under either of these two circumstances, our review must employ
appropriate deference and should not intrude upon the jury=s role as the sole judge of the weight
and credibility given to any evidence presented at trial.  See id. at
7.  We are not free to reweigh the
evidence and set aside a verdict merely because we feel that a different result
is more reasonable.  Cain
v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997); Clewis, 922 S.W.2d at 135. 

Possession
of a Controlled Substance








A person commits
the offense of possession of cocaine if she knowingly or intentionally
possesses the controlled substance.  See
Tex.Health & Safety Code Ann. ' 481.115(a) and (d)(Vernon
Supp. 2003).  Possession is defined as Aactual care, custody, control or
management.@  Tex.Health & Safety Code Ann. ' 481.002(38).  To support a conviction for unlawful possession
of a controlled substance, the State must prove that the accused (1) exercised
actual care, custody, control and management over the contraband, and (2) the
accused knew the substance she possessed was contraband.  King v. State, 895
S.W.2d 701, 703 (Tex.Crim.App. 1995); Menchaca v. State, 901 S.W.2d 640, 651 (Tex.App.--El Paso 1995, pet. ref=d).  An affirmative link must be established
between the accused and the contraband demonstrating both that the accused had
control over it and had knowledge of its existence and character.  See Brown v. State, 911 S.W.2d 744,
747 (Tex.Crim.App. 1995); Levario
v. State, 964 S.W.2d 290, 294 (Tex.App.--El Paso
1997, no pet.); Menchaca, 901 S.W.2d at
651.  An affirmative link may be shown by
either direct or circumstantial evidence and Ait
must establish, to the requisite level of confidence, that the accused=s connection with the drug was more
than just fortuitous.@  Brown, 911 S.W.2d at
747.








When the
contraband is not found on the accused=s
person or it is not in the exclusive possession of the accused, additional
facts and circumstances must link the accused to the contraband.  Menchaca, 901 S.W.2d at 651. 
These additional factors may include: 
(1) the accused=s
presence when the search was executed; (2) the contraband was in plain view;
(3) the contraband is in close proximity to and accessible by the accused; (4)
the accused was under the influence of a controlled substance when arrested;
(5) the accused was in possession of other contraband when arrested; (6) the
accused made incriminating statements when arrested; (7) the accused attempted
to flee; (8) the accused made furtive gestures; (9) there was an odor of the
contraband; (10) other contraband or drug paraphernalia was present; (11) the
accused owned or had the right to possess the place where the contraband was
found; (12) the place the drugs were found was enclosed; (13) the amount of
contraband; and (14) possession of weapons. 
See Lassaint
v. State, 79 S.W.3d 736, 740-41 (Tex.App.--Corpus
Christi 2002, no pet.); Jones v. State, 963 S.W.2d 826, 830 (Tex.App.--Texarkana 1998, pet. ref=d).  A circumstantial case is legally sufficient
when some of these factors appear in concert. 
Castillo v. State, 867 S.W.2d 817, 820 (Tex.App.‑‑Dallas 1993), vacated on other
grounds, 913 S.W.2d 529 (Tex.Crim.App. 1995).  One factor alone does not support a finding
of an affirmative link.  See id. at 820.  The number of
factors present is less important than the logical force the factors have in
establishing the elements of the offense. 
Hurtado v. State, 881 S.W.2d 738, 743 (Tex.App.--Houston
[1st Dist.] 1994, no pet.).








In this case,
several affirmative links were established by the evidence.  Officers Beasley and Bermea
observed behavior by Appellant, which based on Officer Beasley=s experience indicated that Appellant
may have been involved in criminal activity. 
When the officers attempted to speak with Appellant she fled.  Knowledge can be inferred from the conduct of
the accused and the surrounding circumstances. 
See Ortiz v. State, 930 S.W.2d 849, 852 (Tex.App.‑‑Tyler
1996, no pet.); Menchaca, 901 S.W.2d at
652.  A jury could have rationally
concluded that Appellant=s
flight suggested that she knew she had possession of the cocaine or, at the
very least, a consciousness of guilt. 
During the course of the pursuit, Appellant stumbled and briefly
struggled with the officers before they were able to gain control of her arms.  During the struggle, Appellant was rolling
around on the ground.  Police testimony
indicated that only Appellant and the officers were at the scene, the driveway
of a local establishment.  Thus, the
contraband was in close proximity to Appellant. 
The officers also testified that the cocaine was found right in the area
of the struggle where Appellant had been lying on the ground.  Further, Officer Beasley testified to the
unlikelihood that such a large rock of crack cocaine would have been left in
the middle of a driveway by someone else. 
Though not found on her person, a jury could have rationally concluded
that Appellant discarded the cocaine during the struggle with the officers.  According to Officer Bermea=s testimony, from the patrol car he was
unable to view what Officers Beasley and Stone had found in the area of
struggle.  Officer Bermea
stated that Appellant began yelling that it was not hers, even though she was
further away from the officers than he. 
A jury could have reasonably determined that Appellant made
incriminating statements at the time of arrest. 
Viewing the evidence in a light most favorable to the verdict, we
conclude a rational jury could find the essential elements of possession of a
controlled substance beyond a reasonable doubt.

Appellant further
contends that the same evidence is factually insufficient to sustain her
conviction.  At trial, Appellant
presented no evidence to contradict the State=s
case.  After reviewing all of the
available evidence in a neutral light, we cannot conclude the evidence
demonstrating proof of guilt is so obviously weak as to undermine confidence in
the jury=s
determination nor can we conclude the verdict is so against the overwhelming
weight of the evidence as to be clearly wrong and manifestly unjust.  See Johnson, 23
S.W.3d at 11.  Appellant=s Issues Three and Four are overruled.

For the reasons
stated above, we affirm the trial court=s
judgment.  

 

 

 

March
27, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
We note that the record does not reflect whether defense counsel=s Ano
objection@ was
directed to the physical evidence itself, or to a stipulation that the
substance was cocaine.