Ellis Lee PETTIT, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–080–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1983.

Rehearing Denied Dec. 29, 1983.

Michael E. Sieber, Victoria, for appellant.

Robert Bell, Crim. Dist. Atty., Edna, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Judge.

The appellant was convicted on October 14, 1977, in the District Court of Jackson County, Texas, upon his plea of guilty to the offense of burglary. Punishment was assessed at confinement in the Texas Department of Corrections for ten years. Appellant was placed on probation in this cause. At the same time, appellant was also convicted of the offense of burglary in another cause. He was assessed the same punishment, and probation was also granted. On February 4, 1983, a hearing was held to revoke his probation in both of these causes. Following the hearing, the trial court revoked the probation and sentenced appellant to confinement in the Texas Department of Corrections for two consecutive ten-year terms of imprisonment. The appellant brings ten grounds of error on appeal. We affirm.

In his first ground of error, appellant claims that the trial court erred in failing to grant his motion to dismiss the motions to revoke probation because they had not been filed and served on appellant or his attorney seven or more days before the hearing. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 8(a) (Vernon Supp.1982–1983) provides as follows:

"The state may amend the motion to revoke probation at any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, . . . ."

The transcript reflects that the State's First Amended Petition for Revocation of Probated Sentence was filed on January 27, 1983, at 3:40 p.m. The record also reflects that the date the revocation hearing was held on was February 4, 1983. This constitutes a seven-day period exclusive of the date of filing and of the hearing. Timely notice was given the appellant as contemplated by the statute. The appellant's first ground of error is overruled.

In appellant's second and third grounds of error, he contends that there

was insufficient evidence to identify the appellant as the same individual who was placed on probation in the original causes. He alleges that the state failed to introduce any evidence that the appellant was the same individual identified in the state's motions to revoke probation. This is incorrect. The record reflects that, at the commencement of the hearing, appellant was asked the following question by the court:

"THE COURT: All right. The—Okay. Ellis Lee Pettit, Jr., come forward. You are Ellis Lee Pettit, Jr.—Is that correct?

MR. PETTIT: Yes, sir.

THE COURT: And you are the Defendant in Cause No. 2964 and 2963 styled the State of Texas vs. George North and Ellis Lee Pettit, Jr.—Is that right?

MR. PETTIT: Yes, sir."

By appellant's own admission, he identified himself as the defendant in the two prior felony causes which were at issue in the revocation of probation hearing. We pause to note that the appellant did not make the identity of himself an issue before the trial court. His right to assert this issue on appeal is, therefore, waived. *Batiste v. State,* 530 S.W.2d 588 (Tex.Cr.App.1975); *Barrow v. State,* 505 S.W.2d 808 (Tex.Cr. App.1974). Appellant's second and third grounds of error are overruled.

In appellant's remaining points of error, he alleges numerous claims regarding the insufficiency of the evidence to support the trial court's decision that appellant had violated various terms and conditions of his probation.

▇ The state satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that the condition of probation has been violated. *Taylor v. State,* 604 S.W.2d 175 (Tex.Cr.App.1980). Violation of a single condition of probation is sufficient to support revocation. *Sanchez v. State,* 603 S.W.2d 869 (Tex.Cr.App.1980); *Jones v. State,* 571 S.W.2d 191 (Tex.Cr.App.1978). The court may, in its discretion, revoke probation when the state has proven by a preponderance of the evidence each element of its case. *Battle v. State,* 571 S.W.2d 20

(Tex.Cr.App.1978). The only issue that is reviewable is whether the court abused its discretion. *Barnett v. State,* 615 S.W.2d 220 (Tex.Cr.App.1981), appeal dism'd 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75.

The trial court found that appellant had violated several conditions of his probation, including a condition which provided that appellant:

" 'shall report in person to the Tri-County Probation Department, Jackson County, Texas, Adult Probation Officer at his Office in the Jackson County Services Building, Edna, Texas, within 24 hours from this date and on the 1st day of each month at 10:00 o'clock A.M. thereafter during the term of this probation; and oftener if required by the Officer appointed to supervise this probation; in the event that the 1st falls on a weekend or on an official holiday, defendant is to report on the Friday prior to the 1st or on the first working day following the 1st at 10:00 A.M.' "

▇ Janet Simmonds, appellant's probation officer, testified that she was custodian of the probation records of the appellant. She testified that the probation records reflected that appellant reported to the probation office only on two occasions: November 21, 1977 and January 10, 1978. The terms and conditions of appellant's judgment and sentence of probation were admitted into evidence. The records reflected that the probation office in Jackson County became aware of appellant's whereabouts in May 1980 when the Jackson County office received a letter from appellant's Dallas County caseworker and a parole violation hearing report from that county. This was approximately twenty-eight months after the probation department's last contact with appellant. The violation report in this cause, according to Simmonds, was filed in June 1980. The state argues that the evidence showing appellant to have reported on two occasions only during his probation is sufficient to support the trial court's decision that appellant violated conditions of probation. We agree.

Appellant argues that he was imprisoned during much of the time he was on probation, and the conditions of probation regarding the reporting process are vague and confusing and are invalid as a basis for revocation in that they do not set out what the probationer is supposed to do in the event he is prevented from reporting because he is imprisoned. The evidence does show that appellant was incarcerated for part of the time he was on probation; but the probation office records show that the probation department was unaware of his whereabouts from at least January 1978 until May 1980. The probation records show appellant reported to the probation department only two times after his sentence was probated, rather than monthly as ordered by the court. While one of the conditions of probation orders the appellant to report in person, another condition of the same document orders the appellant to report in person or by letter within five days after any charge of violating any law of the State of Texas or any other state or the United States has been made against him, stating the offense charged and the court in which the charge is filed. Adequate notification was given to the appellant in this Probation Order. Still no notification of this event was made by the appellant.

The appellant asserts several other grounds of error claiming that the trial court erred in finding appellant had violated numerous conditions of his probation. We have reviewed these grounds and find that the court did not abuse its discretion in revoking appellant's probation.

The judgment of the trial court is affirmed.