NUMBERS 13-01-522-CR AND 13-01-520-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

DAVID LORENZO CASTILLO OCHOA,                                     Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS ,                                                         Appellee.

 

                        On appeal from the
206th District Court

                                  of Hidalgo
County, Texas.

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo  

                        Opinion by Chief Justice
Rogelio Valdez

 








Appellant, David Ochoa,
was convicted of assault and sentenced to one year of confinement in the county
jail.  Appellant argues through three
issues: the evidence is factually insufficient to support his conviction; the
trial court erred in admitting inadmissible evidence; and his Sixth Amendment
rights were violated because he received ineffective assistance of
counsel.  Appellant further challenges
the subsequent revocation of probation resulting from this conviction for
assault.  We affirm both the conviction
for assault and the revocation of probation.

Factual and Procedural
History

Appellant was at A.K=s, a local bar, in the
early morning hours of January 30, 2000. 
He was accompanied by his brother, Gerald Ochoa, and a friend, Manuel
Marco Garcia.  When the three men exited
the bar at closing time, a fight ensued. 
Gerald Ochoa was stabbed in his right side by Leroy Garcia.  He was taken to McAllen Medical Center
Hospital.  

Arnold Acosta, Jr., the
victim in this case, took Leroy Garcia, who was also injured, to Rio Grande
Regional Hospital.  While Acosta was
parking his vehicle, a group of men attacked and beat him until he became unconscious.  At trial, Acosta testified that he could not
identify his assailant because he was drunk, and later unconscious.  

Karen Lee Poor, a
registered nurse, was working in the Rio Grande Regional Hospital emergency
room that night.  Poor walked outside and
saw a young man lying on the ground, immobile; he was being kicked in the face
by another man.  The attack took place at
the ambulance bay entrance, a well-lit area. 
Poor stepped into the fight and told the assailant to leave.  As he walked away, the attacker said
something like, AYou are dead, bitch.@  Poor testified that she remembered his face
because she felt threatened by his comment. 
Poor made an in-court identification of appellant as the man she saw
kicking the victim.








Poor described the
attacker to police as a Hispanic male, between 30 and 35, six-foot-two in
height, with a ponytail.  When shown a
photo array about two weeks later, Poor immediately identified appellant as the
man she saw kicking the victim.  In a
separate array, she also identified the second person who stood over the victim
during the attack.  This man was
identified as Christopher Lara, the brother-in-law of appellant and Gerald
Ochoa.

Ricardo Davila was
working as a security guard at the hospital that night.  He took down the license plate number of the
vehicle the assailants left in, a green four-door Ford.

Police traced the
license plate to a car registered to Diana Lara, sister of Christopher
Lara.  The registration showed an address
where Gerald Ochoa also lived.  Police
recovered a cell phone at the scene that belonged to a Yolanda Villegas at an
address in McAllen.  Yolanda Villegas
lives with Gene Ochoa.  Police discovered
that Gerald Ochoa also lived at that address. 
There was no concrete evidence placing Gene Ochoa at the scene of the
assault, therefore, he was never a suspect.   
      

When Gerald Ochoa went
to the police station to make a statement about his stabbing, he was driving a
green Ford Taurus with the same license plates as the car seen by Davila.   

Theresa Brown, appellant=s fiancee and the mother
of his young daughter, testified that appellant=s hair was short on January 30, 2000.  The defense introduced two photographs of
appellant with short hair and no ponytail. 
Brown also testified that appellant and his brother Gene resemble one
another and are a year or two apart in age.








Appellant was charged by
indictment with one count of aggravated assault.  After pleading not guilty, appellant was
found guilty by a jury of the lesser included offense of assault.  On May 16, 2001, appellant was sentenced by
the trial court to one year of confinement in the county jail.

Factual Insufficiency 

In determining factual
sufficiency of the elements of the offense, the reviewing court must view the
evidence in a neutral light, and may set aside the verdict only if: (1) it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust, or (2) the adverse finding is against the great weight and preponderance
of the available evidence.  Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 
1996).  The reviewing court must
take into account all of the evidence, defer to the jury=s findings, and
adequately explain why the evidence in favor of the verdict is greatly
outweighed by the contrary evidence.  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  A reviewing court will set aside a verdict for
factual insufficiency only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. 
Johnson, 23 S.W.3d at 11. 

Appellant bases his
assertion of factual insufficiency on conflicting testimony at trial concerning
whether or not he was wearing a ponytail on January 30, 2000, and on his
alleged resemblance to his brother Gene Ochoa. 
Mere conflicting testimony does not amount to a factual insufficiency of
the evidence supporting a conviction. 
Id.








In this case, evidence
was presented that showed appellant was at the bar when his brother Gerald was
stabbed.  The car used by the assailant
was later traced to appellant=s sister-in-law.  Further, the cell phone recovered at the
scene was linked to the live-in girlfriend of appellant=s brother, Gene
Ochoa.  Karen Poor, the nurse who stopped
the assault, described the assailant as being 
a 30-35-year-old Abig@ Hispanic male, taller
than she was, with facial hair and a ponytail. 
Poor got a good look at the assailant in a well-lit area.  Poor picked appellant out of a photo line-up.

Appellant contends that
it was his brother Gene who actually committed the assault.  He bases his theory on testimony concerning a
facial resemblance between appellant and Gene. 
However, Gene was not placed at A.K.=s that night, and was never considered a
suspect.  This theory was placed before
the jury and rejected.  The jury could
reasonably have rejected the defense that Gene, not the appellant, committed
the assault.  

Based on the eyewitness
identification, and testimony concerning the steps the McAllen police officers
took in their investigation of the assault, we hold the jury was well within
its right, as the trier of fact, the assessor of the credibility and demeanor
of the witnesses, and determiner of the weight to be accorded to the testimony
of each witness, to find that appellant was the person who committed the
charged offense.  Wyatt v. State,
23 S.W.3d 18, 28-29 (Tex. Crim. App. 2000); Barnes v. State, 876 S.W.2d
316, 321 (Tex. Crim. App. 1994).  Thus,
after reviewing the record, we conclude the jury=s finding that appellant committed assault is not
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  Clewis v. State, 922
S.W.2d at 129.

Admission of Testimony








Appellant alleges the
trial court committed reversible error in allowing a witness to testify on
overly prejudicial matters.  Appellant
asserts that the trial court erred in admitting evidence that he threatened
Poor as he fled, and that Poor feared some kind of reprisal from him.  He cites Texas Rule of Evidence 403: Arelevant evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.@ An appellate court must
review a trial court=s admissibility
decisions under an abuse of discretion standard.  Tex.
R. Evid. 403; Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim.
App. 2001); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990).  

The trial court has
broad discretion in conducting a rule 403 balancing test, and an appellate
court should not lightly disturb the trial court=s decision.  Moreno
v. State, 22 S.W.3d 482, 489 (Tex. Crim. App. 1999).  This standard requires the appellate court to
uphold a trial court=s admissibility decision
when that decision is within the zone of reasonable disagreement.  Powell, 63 S.W.3d at 438; Montgomery,
810 S.W.2d at 391.  Rule 403 favors the
admission of relevant evidence and carries a presumption that relevant evidence
will be more probative than prejudicial. 
Jones v. State, 944 S.W.2d 642, 652-53 (Tex. Crim. App.
1996).  When the opponent of evidence
satisfactorily demonstrates that its probative value is far less than the
danger of unfair prejudice it poses, and he objects to its receipt on this
basis, the trial judge must not admit it. 
Fuller v. State, 829 S.W.2d 191, 206 (Tex. Crim. App. 1992); Montgomery,
810 S.W.2d at 392.  In making the
determination, the trial judge should consider the inherent tendency that some
evidence may have to encourage resolution of material issues on an
inappropriate basis and should balance carefully against it the host of factors
affecting probativeness, including relative weight of the evidence and the degree
to which its proponent might be disadvantaged without it.  Fuller v. State, 829 S.W.2d at
206.  Rule 403 requires exclusion of evidence only
when there exists a clear disparity between the degree of prejudice of the
offered evidence and its probative value. 
Jones, 944 S.W.2d at 652-53.   









Appellant has failed to
show the necessary Aclear disparity between
the degree of prejudice of the offered evidence and its probative value.@  Id. 
Poor testified that she remembered appellant=s face vividly because
of the threat he made against her.  This
testimony served to rebut appellant=s attempts to discredit
her identification, and was therefore highly probative.  Thus, we cannot conclude that the trial court
abused its discretion in holding that the testimony was more probative than
prejudicial.  See id.  

Ineffective Assistance
of Counsel

In his third and final
issue, appellant contends his trial counsel was ineffective for: (1) not
objecting to an extraneous matter; and (2) not objecting when the State
allegedly improperly committed the jury panel during jury selection.  

To prevail on a claim of
ineffective assistance of counsel, an appellant must show:  (1) counsel=s performance was deficient; and (2) the deficient
performance prejudiced the defense.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Castellano v. State, 49
S.W.3d 566, 573 (Tex. App.BCorpus Christi 2001,
pet. ref=d).   Unless a defendant makes both showings, it
cannot be said that the conviction resulted from a breakdown in the adversary
process that renders the result unreliable.  Strickland,
466 U.S. at 687. The burden of proving ineffective assistance of counsel is on
the appellant and is one which requires proof by a preponderance of the
evidence.  See Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).  We must indulge in a strong presumption that
the counsel=s conduct was
reasonable.  Strickland, 466 U.S.
at 689.  Furthermore, a claim of
ineffectiveness cannot be demonstrated by isolating one portion of counsel=s representation.  McFarland v. State, 845 S.W.2d 824,
842 (Tex. Crim. App. 1992).  Instead,
counsel=s performance must be
judged on the totality of the representation. 
Strickland, 466 U.S. at 670.








Appellant first asserts
trial counsel was ineffective for failing to object to testimony that he
contends improperly suggested appellant had a police record.  The prosecutor asked if the photograph he had
of appellant was one that the police officer on the stand Ahad of him on file.@  The prosecutor then asked if it was the only
photograph the police officer had of him on file, to which the police officer
responded, AAt the time, yes.@  The prosecutor then asked if the photographs
the officer had on file showed appellant with a ponytail.  Appellant asserts that the photograph,
coupled with testimony of the investigator, was a clear indication to the jury
that appellant had a criminal record. 
Appellant contends that the jury would automatically conclude that the
police had appellant=s photograph because he
had a prior criminal history.  








However, there was
testimony at trial suggesting that a photograph can be placed in an array
merely because a person has agreed to allow himself to be photographed by the
police.  An appellant may agree to be
photographed.  Trial counsel=s failure to object to
and exclude inadmissible testimony is not necessarily ineffective
assistance.  Castareno v. State,
932 S.W.2d 597, 603 (Tex. App.BSan Antonio 1996, pet.
ref=d.); Ybarra v. State,
890 S.W.2d 98, 113 (Tex. App.B San Antonio 1994 pet.
ref=d.).  Isolated failures to object generally do not
constitute error in light of the sufficiency of the overall presentation.  Johnson v. State, 691 S.W.2d 619, 627
(Tex. Crim. App. 1984).  It is possible
that counsel made a conscious decision not to object, as an objection would
have drawn attention to relatively harmless evidence.  Castareno, 932 S.W.2d at 603.  Thus, it is certainly plausible that counsel
did not object based upon trial strategy. 
This does not make his performance ineffective.  Hall v. State, 862 S.W.2d 710, 715
(Tex. App.BBeaumont 1993, no pet.);
Miniel v. State, 831 S.W.2d 310, 324 (Tex. Crim. App. 1992).  Appellant has failed to meet the first prong
of Strickland, which is that counsel=s performance was deficient.  Strickland, 466 U.S. at 687.  Appellant has failed to overcome Strickland=s strong presumption that
trial counsel=s action in not
objecting to this testimony was within the wide range of reasonable
professional assistance.  Id. at
689.

Appellant next asserts
that he received ineffective assistance of counsel because  his trial counsel failed to object to the
State improperly committing the jury panel during the jury selection.  Appellant cites Standefer v. State, 59
S.W.3d 177 (Tex. Crim. App. 2001), for the proposition that Ait is improper to commit
jurors on a matter not required by law.@

 In Standefer v. State, the Court of
Criminal Appeals opined that a question is a commitment question Aif one or more of the
possible answers is that the prospective juror would resolve or refrain from
resolving an issue in the case on the basis of one or more facts contained in
the question.@  Standefer, 59 S.W.3d at 179.  Once it has been determined whether a
particular question is a commitment question, the second inquiry is whether the
question includes only the facts that lead to a valid challenge for cause.  Id. at 182-83.  If it does not, the question should not be
allowed.  Id.  A juror may be challenged for cause if he has
established in his mind such as to the guilt or innocence of the defendant that
it would influence his verdict.  Tex. Code Crim. Proc. Ann. art.
35.16(a)(10) (Vernon 1989 & Supp. 2002). 

We now consider the
propriety of the voir dire question posed in the present case:








[State]: My last point I
want to hit on is under the law, in certain cases, I can put on one witness and
that=s it.  And hypothetically speaking, let=s say on that bar fight
inside the bar, the only witness I put on is the bartender, who because it
happened right in front of him, while he was tending bar, and that=s it.  You are going to get a jury charge that says,
you know, based on the evidence presented by the state, were the elements
met?  And is there anybody who would not
be able to follow the jury charge because it is only one witness who comes in
and testifies to what happened at that time, who is saying, no, I would convict
if there was more evidence, but there is only one witness, and since there is
only one witness, regardless of what that witness says and regardless of what
that witness does, basically could not follow the jury charge?. . . I guess
what I am asking you, though, is if you are picked as a juror, would you be
able to just judge the credibility of that one witness, taking in all those
factors, which are important factors to take into consideration, to come to an
end and follow the jury charge, or would you just say off the bat, you know,
the State only brought this one witness, that=s it, I am not going to convict, period, I am not
even going to try to determine whether or not [sic] the credibility of this
witness?

 

Venireperson Pena: Well,
yeah, if he is credible, you know, I could make it, I guess, make a decision.

 

[State]: Is there
anybody, even finding the witness credible, would not be able to follow the
jury charge and follow the law?

 

We must first consider
whether or not this question is a commitment question.  Commitment questions are those that commit a
prospective juror to resolve, or to refrain from resolving, an issue in a
certain way after learning a particular fact. 
Standefer, 59 S.W.3d at 178. 
This question seeks to elicit a commitment from jurors to convict a
person on the testimony of one credible witness.  Accordingly, this is a commitment
question.  See id. 








The question asks
whether the prospective juror would fulfill the duty of a jury member: to
fairly and impartially assess the evidence before the trier of fact, and to do
so regardless of the number of witnesses called by the State.  A venire person who cannot convict based only
on the testimony of one witness even if the person Abelieved the State=s only eyewitness and
that testimony convinced [the person] beyond a reasonable doubt of the
defendant=s guilt can validly be
challenged for cause.@   Castillo v. State, 913 S.W.2d 529,
533 (Tex. Crim. App. 1995); Leonard v. State, 923 S.W.2d 770, 774 (Tex.
App.BFort Worth 1996, no
pet.).  This commitment question meets
the challenge for cause requirement.  Standefer,
59 S.W.3d at 188.    

The next step is to
determine whether the question includes facts (and only those facts) that lead
to a valid challenge for cause.  Id.
at 190.  The question does not contain
any other facts pertinent to the case. 
Upon review of the question, we note that the question was not improper
because it included only facts that would lead to a valid challenge for
cause.  Id. at 182-83. The answer
to such a question will influence a juror=s verdict, a valid
challenge for cause.  Tex. Code Crim. Proc. Ann. art.
35.16(a)(10) (Vernon 1989 & Supp. 2002). 

Accordingly, because
this question meets the challenge-for-cause requirement and contains only those
facts that would lead to a valid challenge for cause, we cannot hold that the
question is improper.  Therefore, because
it was not an improper question, we cannot hold that appellant=s trial counsel was
ineffective for failing to object to a question that was not improper.  Appellant=s final contention of an alleged Sixth Amendment
violation is without merit.  Strickland,
466 U.S. at 687.  We overrule appellant=s third point of error. 

The judgment of
the trial court in cause number 13-01-522-CR is affirmed.








Appellant also appeals
from the trial court=s revocation of
probationary status, sentencing him to three years in the Institutional
Division of the Texas Department of Corrections.  Appellant argues through four issues:  the trial court abused its discretion in
revoking probation; the trial court committed reversible error in considering
inappropriate evidence in deciding not to continue or modify probation; the
trial court committed reversible error in considering inappropriate evidence in
deciding not to reduce the term of confinement originally assessed; and his
Sixth Amendment rights were violated because he received ineffective assistance
of counsel.   

Factual and Procedural
History   

In June of 1999,
appellant was charged by indictment with one count of possession of cocaine in
the amount of one gram or more but less than four grams.  He entered a plea of nolo contendere, was
found guilty, and sentenced to three years of imprisonment and ordered to pay a
fine of $1,500.00.  The trial court
suspended the sentence of imprisonment and ordered that appellant be placed on
community supervision for a term of five years. 


Appellant was later
charged by indictment with one count of aggravated assault for a subsequent
criminal offense that occurred on January 30, 2000. 

On February 28, 2001,
the State filed a motion to revoke the community supervision granted to
appellant in his drug possession conviction, based on multiple violations of
the conditions of his community supervision, including commission of the
aggravated assault.  After an evidentiary
hearing, along with a trial on the alleged aggravated assault, the trial court
found appellant violated the terms and conditions of his community supervision
by: 

1.  committing the subsequent criminal offense of
aggravated assault on January       30,
2000. 

2.  testing positive for cocaine in March, 2000

3.  being delinquent on monthly fees in the
amount of $425;

4.  failing to report to the Supervision Officer
in January, April, May, June, July,                      August, September, and
October of 2000.

5.  being delinquent on the fine imposed in the
amount of $425

6.  being delinquent on court appointed counsel
fees in the amount of $170;

7.  being delinquent on court costs in the amount
of $76.75

8.  failing to Asubmit to screening and evaluation at the Rio
Grande Valley                   Council
on Drug and Alcohol Abuse Program as directed and/or participate            fully in the prescribed regiment of
care or treatment and/or obey all rules or            regulations, as directed;@ and








9.  being delinquent on Crime Stoppers fee in the
amount of $25. 

The trial court found
appellant guilty of assault and sentenced him to one year confinement in the
Hidalgo County Adult Detention Center. 
The trial court also revoked appellant=s community supervision and sentenced him to three
years imprisonment.  It is for this
revocation that this current appeal ensues.    


Abuse of Discretion

Appellant contends the
trial court abused its discretion in revoking his community supervision
because: the alleged subsequent crime was not proven by a preponderance of the
evidence; the test results regarding cocaine usage were based on inadmissible
hearsay; and the allegations of failing to report, not paying costs associated
with probation, and not submitting to screening and evaluation are false.

Our review of an order
revoking probation is limited to determining if the trial court abused its
discretion.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984). 
In a probation revocation preceding, the State must prove a violation of
a condition of probation by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  The
preponderance of the evidence standard is met when the greater weight of the
credible evidence before the trial court creates a reasonable belief that a
condition of probation has been violated. 
Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App.
1983).  In our review, we examine the
evidence in the light most favorable to the trial court=s decision.  Cardona, 665 S.W.2d at 493.  In addition, we recognize that the trial
court is the sole trier of fact and determines the credibility of the witnesses
and the weight to be given their testimony. 
Jones v. State, 787 S.W.2d 96, 97 (Tex. App.BHouston 1990, pet. ref=d).  








If multiple grounds for
revocation are alleged, proof of any one ground will support the trial court=s order revoking
community supervision.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Pettit v. State, 662 S.W.2d
427, 429 (Tex. App.BCorpus Christi 1983,
pet. ref=d).  Furthermore, evidence sufficient to support a
conviction for a subsequent crime is also sufficient, under the preponderance
standard applicable to revocation proceedings, to support the trial court=s finding that the appellant
violated a condition of his probation.  Martinez
v. State, 6 S.W.3d 674, 681 (Tex. App.BCorpus Christi 1999, no
pet.) (citing Thomas v. State, 708 S.W.2d 861, 864 (Tex. Crim. App.  1986)).

Appellant asserts that
the alleged assault was not proven by a preponderance of the evidence.  In light of the preceding analysis affirming
the conviction for that assault we hold that appellant=s argument is without merit
and do not address his remaining contentions concerning whether or not a
condition of probation was violated.  Moore,
605 S.W.2d at 926.  Accordingly, we
hold that the trial court did not abuse its discretion in finding that the
assault was proven by a preponderance of the evidence.[1]   

Ineffective Assistance
of Counsel 

In his final issue,
appellant asserts that he received ineffective assistance of counsel at his
revocation hearing.  He specifically
complains that his counsel failed to object to hearsay, namely the supervisory
officer=s testimony that
appellant tested positive for cocaine use in March of 2000, which the trial
court found to be true.  








To prevail on a claim of
ineffective assistance of counsel, an appellant must show:  (1) counsel=s performance was deficient; and (2) the deficient
performance prejudiced the defense.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Castellano v. State, 49
S.W.3d 566, 573 (Tex. App.BCorpus Christi 2001,
pet. ref=d).   Unless a defendant makes both showings, it
cannot be said that the conviction resulted from a breakdown in the adversary
process that renders the result unreliable.  Strickland,
466 U.S. at 687. The burden of proving ineffective assistance of counsel is on
the appellant and is one which requires proof by a preponderance of the evidence.  See Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). 
We must indulge in a strong presumption that the counsel=s conduct was
reasonable.  Strickland, 466 U.S.
at 689.  Furthermore, a claim of
ineffectiveness cannot be demonstrated by isolating one portion of counsel=s representation.  McFarland v. State, 845 S.W.2d 824,
842 (Tex. Crim. App. 1992).  Instead,
counsel=s performance must be
judged on the totality of the representation. 
Strickland, 466 U.S. at 670. 

Appellant has failed to
show how his trial counsel was deficient by not objecting to the supervisory
officer=s testimony that
appellant tested positive for cocaine use. 
He does not give any support for his implication that the supervision
officer=s testimony was
inadmissible hearsay.  Appellant has
therefore failed to meet his burden of proof, under the first prong of Strickland,
and it is unnecessary to proceed to the second prong.  Strickland, 466 U.S. at 687.  Appellant=s last issue is overruled.

Conclusion








The judgment of the
trial court convicting appellant of assault in cause number 13-01-522-CR and
the revocation of probation in cause number 13-01-520-CR are AFFIRMED.

ROGELIO VALDEZ

Chief Justice

 

Do not publish. 

Tex. R. App. P. 47.3

 

Opinion delivered and filed                                     

this 5th day of September, 2002.











[1] This
Court reads appellant=s second and third issues to challenge the
trial court=s
revocation of appellant=s probation despite his inability to pay
costs associated with probation.  Because
of our disposition in the first issue, holding that the trial court did not err
in finding appellant violated a condition of his probation, unrelated to his
financial obligations, we need not address these arguments.  Tex.
R. App. P. 47.1