NUMBER 13-03-315-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

MATTHEW AYALA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Matthew Ayala, appeals from a trial court order revoking his
community supervision and assessing a sentence of ten years confinement in the
Institutional Division of the Texas Department of Criminal Justice. The trial court has
certified that this case “is not a plea-bargain case, and the defendant has the right of
appeal.” See TEX. R. APP. P. 25.2(a)(2). By one issue, appellant contends the
evidence was insufficient to find that he violated the terms of his community
supervision. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See TEX. R. APP. P. 47.4. 
II. SUFFICIENCY OF EVIDENCE
         Appellant contends the trial court erred by revoking community supervision. 
Specifically, appellant argues that no credible evidence was presented regarding his
unsuccessful discharge from the Substance Abuse Felony Punishment Facility
Program. 
         Appellate review of an order revoking probation (community supervision) is
limited to a determination of whether the trial court abused its discretion. Flournoy
v. State, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979). An order to revoke
probation must be supported by a preponderance of the evidence. Anderson v. State,
621 S.W.2d 805, 807 (Tex. Crim. App. 1981). Evidence in a probation revocation
hearing is sufficient when the greater weight of credible evidence creates a reasonable
belief that a condition of the probation has been violated. Pettit v.State, 662 S.W.2d
427, 429 (Tex. App.–Corpus Christi 1983, pet. ref’d). 
         The record reflects that appellant did not complete the treatment program
required by the terms of his community supervision. This was proven by probation
department records admitted into evidence and testimony from the supervising
officer. Furthermore, appellant signed a written refusal to continue participation in the
treatment program.
         After reviewing the record, we conclude that the trial court could have found
by a preponderance of the evidence that appellant violated the terms of his probation. 
Therefore, the trial court did not abuse its discretion in revoking community
supervision. We overrule appellant’s sole issue.
III. CONCLUSION
         Accordingly, we affirm the judgment of the trial court.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
 
Do not publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and 
filed this 22nd day of July, 2004.