COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JULIAN GARCIA,                                               )

                                                                              )              
No.  08-03-00296-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
346th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20010D04931)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
from an order revoking probation. 
Appellant, Julian Garcia, pled guilty to driving while intoxicated,
enhanced to a third-degree felony by two prior DWI convictions.  Appellant was sentenced to 5 years= confinement, probated to 5 years= regular, non-deferred probation.  After two years, Appellant=s probation was revoked and he was
sentenced by the trial court to 3 years=
confinement.  On appeal, Appellant raises
two issues:  (1) whether a condition of
his probation was void; and (2) whether the trial court abused its discretion
in revoking his probation without sufficient evidence.  We affirm. 








On September 22,
2001, Appellant, a citizen of Honduras, was arrested for driving while
intoxicated.  Pursuant to a plea
agreement, Appellant was placed on five years=
confinement, probated to five years=
probation.  As part of the terms and
conditions of his probation, Appellant was to remain in the Republic of
Honduras, and in the event that he returned to El Paso, he was to immediately
report to the Community Supervision Corrections Department (ACorrections Department@).

The State filed a
Motion to Revoke Probation alleging that Appellant (1) committed the offense of
stalking on December 3, 2002[1],
(2) failed to remain in Honduras, and (3) failed to report to the Corrections
Department upon arrival to the United States during the months of December 2002
and January 2003.

The trial court
revoked Appellant=s probation
for violating the following conditions: 
(1) failing to commit no offense against the laws of this State; (2)
failing to remain within the Republic of Honduras; and (3) failing to report to
the Corrections Department upon return to El Paso.  The trial court imposed a punishment of three
years=
confinement.  Thereafter, Appellant
timely filed his notice of appeal.








In Issue One,
Appellant challenges the trial court=s
revocation of his probation for violating a condition which he alleges was void
because it violated the supremacy clause of the United States
Constitution.  As part of the conditions
of his probation, Appellant was to remain in the Republic of Honduras during
the five years of his probation period. 
Appellant argues that a state judge does not have the authority to order
a defendant to return and remain in a foreign country.  Therefore, since such a condition was void,
Appellant argues that he could not have violated such condition, and his
probation should have not been revoked. 
The State responds that Appellant has waived such argument by failing to
object to the condition or to challenge it on appeal immediately after it was
imposed.  We agree.

The Court of
Criminal Appeals has stated: 

An award of community
supervision is not a right, but a contractual privilege, and conditions thereof
are terms of the contract entered into between the trial court and the
defendant.  Therefore, conditions not
objected to are affirmatively accepted as terms of the contract.  Thus, by entering into the contractual
relationship without objection, a defendant affirmatively waives any rights
encroached upon by the terms of the contract. 
A defendant who benefits from the contractual privilege of probation . .
. must complain at trial to conditions he finds objectionable.

 

Speth v. State, 6 S.W.3d
530, 534 (Tex.Crim.App. 1999), cert. denied, 529 U.S. 1088, 120 S.Ct.
1720, 146 L.Ed.2d 642 (2000).  An
appellant may not complain about conditions of probation for the first time on
appeal.  Speth, 6 S.W.3d at 535; see
also Hull v. State, 67 S.W.3d 215, 216‑17 (Tex.Crim.App. 2002); Heiringhoff
v. State, 130 S.W.3d 117, 133‑34 (Tex.App.‑-El Paso 2003, pet.
ref=d).

There is nothing
in the record before us indicating that Appellant objected to the imposition of
this condition.  Therefore, we find that
Appellant may not raise his complaint for the first time on appeal.  See Speth, 6 S.W.3d at 534 n.10.  We therefore overrule Issue One.

In Issue Two,
Appellant asserts that the trial court abused its discretion in revoking
Appellant=s
probation without sufficient evidence. 
Specifically, Appellant argues that the State failed to Apresent sufficient evidence to prove
that Appellant violated his probation by failing to report to the probation department.@








We review the
trial court=s
determination to revoke community supervision for an abuse of discretion.  See Bennett v. State, 476 S.W.2d 281,
282 (Tex.Crim.App. 1972); see also Lee v. State, 952 S.W.2d 894, 897
(Tex.App.--Dallas 1997, no pet.).  In a
community supervision revocation proceeding, the State=s
burden is to establish by a preponderance of the evidence, the alleged
violation of the trial court=s
order.  Cobb v. State, 851 S.W.2d
871, 873 (Tex.Crim.App. 1993). 
Preponderance of the evidence is the greater weight and degree of
credible testimony.  See Jimmerson v.
State, 957 S.W.2d 875, 878 (Tex.App.--Texarkana 1997, no pet.).  The State satisfies its burden of proof in a
probation revocation proceeding when the greater weight of credible evidence
before the trial court creates a reasonable belief that a condition of
probation has been violated.  Pettit
v. State, 662 S.W.2d 427, 429 (Tex.App.‑‑Corpus Christi 1983,
pet. ref=d).  It is the trial court=s
duty to determine whether the allegations in the revocation motion are
true.  Langford v. State, 578
S.W.2d 737, 739 (Tex.Crim.App. 1979).  In
making this determination, the trial court is the sole trier of facts, and the
judge on the credibility of the witnesses and the weight to be given to the
testimony.  Taylor v. State, 604
S.W.2d 175, 179 (Tex.Crim.App. 1980).  On
review, we examine the record in the light most favorable to the judge=s ruling to determine whether the State
established by a preponderance of the evidence that the defendant violated the
terms and conditions of probation as alleged. 
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983); Becker
v. State, 33 S.W.3d 64, 65 (Tex.App.--El Paso 2000, no pet.).  If there is some evidence to support the
finding of even a single violation, the order must be upheld.  See Cardona v. State, 665 S.W.2d 492,
493-94 (Tex.Crim.App. 1984).

A review of the
record in the light most favorable to the trial court=s
finding reveals that on December 3, 2002, El Paso Police Officer Hector Avila
was dispatched to the Northeast Regional Command Center to transport Appellant
to the El Paso County Detention Facility. 
Appellant had warrants for theft, stalking, and indecency with a
child.  Officer Avila testified that he
transported the Appellant around 10:30 p.m.








George Carreon,
custodian of Appellant=s
records, testified that Appellant=s
file did not contain any record of him reporting to probation upon his return
to the United States.  When asked if he
had any way of knowing whether or not Appellant ever remained or even went to
Honduras, he responded that he had a INS print out that stated that Appellant
was deported to Honduras.  Mr. Carreon
further testified that on December 3, 2002, he did not know Appellant=s whereabouts, but his records
reflected that Appellant was arrested on that day for violation of his
probation.  The probation department
however, did not find out until January 28, 2003 that Appellant was in the El
Paso County Detention Facility.  He
agreed with defense counsel that from December 3, 2002 through all of January
2003, Appellant was in fact in the El Paso County Detention Facility.  He testified that he did not know when the
Appellant had entered the United States. 


The trial court
found that Aby the
preponderance of the evidence that the State=s
motion is well-taken.  That Mr. Garcia
has violated his probation.@  From the testimony outlined above, the trial
court could have inferred that the Appellant had some opportunity to report to
the Corrections Department prior to being arrested and detained at the
Northeast Regional Command Center.  The
testimony also shows that Appellant had been deported to Honduras and had
obviously returned to the United States in some manner and had not reported to
the Corrections Department.  Considering
the evidence in the light most favorable to the trial court=s finding, the testimony further
created a reasonable belief that Appellant violated the condition that upon 

re-entry, he was to immediately
report to the Corrections Department. 
Accordingly, we find that the trial court did not abuse its discretion
in revoking Appellant=s
probation.  Issue Two is therefore
overruled.  








We affirm the
trial court=s
judgment.

 

 

June
9, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
On June 5, 2003, the trial court held a hearing on the State=s motion to revoke Appellant=s probation.  Prior to presenting any testimony, the State
indicated that they were abandoning the alleged offense of stalking.