NO. 07-05-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 9, 2005

_____

MARCELLO ZUNIGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13285-9901; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Marcello Zuniga brings this appeal from the revocation of his community supervision. We affirm the revocation.

Appellant was charged in January 1999 by indictment with the felony offense of driving while intoxicated. The indictment alleged two prior convictions for the same offense. He was convicted on his plea of guilty pursuant to a plea agreement in May 1999. Punishment was assessed in conformity with the plea agreement at ten years confinement

in the Institutional Division of the Texas Department of Criminal Justice, a fine of $1,000.00, and court costs. Also in compliance with the plea agreement, imposition of the sentence was suspended for a period of five years, conditioned on appellant's compliance with specified terms and conditions. The State filed a motion to revoke appellant's community supervision on March 19, 2004, alleging five violations of his community supervision. The motion alleged appellant: 1) committed another offense by driving while intoxicated in Colorado, 2) failed to remain within Hale County, 3) failed to pay required fees, 4) used alcoholic beverages on three occasions, and 5) failed to perform eight hours of community service per month. The trial court ordered issuance of a capias for appellant's arrest the same day but appellant was not arrested until his release from jail in Colorado in November 2004.

At a January 2005 hearing on the State's motion appellant pled true to the third, fourth, and fifth allegations in the motion. The State also presented the testimony of appellant's probation officer in support of the violations alleged. Appellant advised the court his plea was voluntary and he understood the nature of the proceeding and the consequences of the plea. At the conclusion of the hearing the court found appellant had violated these conditions of his community supervision and revoked it. The court ordered appellant to serve the original sentence imposed on his conviction. Appellant filed a timely notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The

brief discusses the factual and procedural history of the case and evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd), the brief discusses six potential complaints on appeal and explains why they do not show reversible error. Counsel also has filed a motion to withdraw and by letter informed appellant of his right to file a *pro se* response. *Id.* at 646. By letter dated April 11, 2005, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until May 9, 2005, to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response. The State has not filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The first potential issue raised by counsel is whether the State failed to establish appellant's identity at the revocation hearing. The State is obligated to establish the defendant's identity at a revocation hearing. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The State's sole witness was not asked to identify appellant. Nevertheless, appellant responded without objection when the trial court called the case by docket number and appellant's name. *See, e.g., Pettit v. State,* 662 S.W.2d 427,

3

(Tex.App.–Corpus Christi 1983, pet. ref'd).  Moreover, the judge conducting the revocation hearing was the same judge who took appellant's guilty plea.  The adequacy of appellant's identification does not present a meritorious issue for review.

The second issue presented is whether the trial court erred in failing to admonish appellant of the consequences of his plea of true.  Counsel asserts appellant was not advised of his rights to remain silent or to call and cross examine witnesses, or provided the admonitions set out in article 26.13 of the Code of Criminal Procedure.  The record does not support those assertions.  Appellant was properly admonished on each of those matters prior to his May 1999 guilty plea and conviction.  As an administrative hearing, *Cobb*, 851 S.W.2d at 873, a motion to revoke proceeding does not independently trigger, and require new admonishments of, constitutional rights.  Section 21(b) of article 42.12 governing revocation hearings imposes no such requirement.  Tex. Code. Crim. Proc. Ann. art. 42.12 § 21(b) (Vernon Supp. 2004).  Article 26.13 does not require repetition of its admonishments in a revocation proceeding.  *Harris v. State*, 505 S.W.2d 576, 578 (Tex.Crim.App. 1974).  We find no meritorious issue is presented.

The third issue discusses potential challenges to the legal and factual sufficiency of the evidence supporting the revocation of his community supervision.  Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983).  The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof.  *Cardona*, 665 S.W.2d at 493-94.  In a revocation proceeding, the State must prove by a preponderance of the

4

evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb*, 851 S.W.2d at 874. As counsel's brief notes, when the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App.1979). Appellant plead true to three violations in open court and the trial court found those allegations true. No meritorious issue is presented for review.

The fourth potential issue questions whether the State failed to exercise due diligence in executing the capias for his arrest. And the fifth discusses whether trial counsel's failure to raise that issue deprived appellant of the effective assistance of counsel. The State's motion to revoke and capias for appellant's arrest were filed in March 2004. Appellant's period of probation expired in May 2004 but he was not arrested until November. Article 42.12, Section 21(e) provides a trial court retains jurisdiction to hold a revocation hearing after the expiration of the probationary period if the motion and capias are issued before expiration of that period. Tex. Code Crim. Proc. Ann. art. 42.12 § 21(e) (Vernon Supp. 2004). The Court of Criminal Appeals has held a defendant may challenge the lack of due diligence in executing the capias as a "plea in bar" to the motion to revoke. *See Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex.Crim.App. 2002). The failure to raise the issue before the trial court waives the complaint. *Hardman v. State*, 614 S.W.2d 123, 127 (Tex.Crim.App. 1981). Here appellant did not raise the issue before the trial court, precluding its presentation on appeal and leading to the fifth potential issue addressed by

appellate counsel; the ineffectiveness of trial counsel as shown by his failure to raise the issue of due diligence.

The standards by which the effectiveness of counsel is reviewed are set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  In order to show trial counsel was ineffective, a claimant must establish two elements: 1) that his counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.  The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution.  *Id.*  The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable.  *Id.*  A claimant must show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different.  *Id.* at 694.

This record does not support a showing counsel's performance was deficient.  It shows appellant was in custody in Colorado between issuance of the capias and his extradition to Hale County. This evidence supports a finding the State exercised due diligence in arresting appellant.  The failure of appellant's trial counsel to raise the issue in the trial court was not deficient performance.

The sixth and final potential issue discussed by counsel is whether the punishment assessed was cruel and unusual in violation of appellant's constitutional rights.  This

6

complaint was not presented to the trial court, resulting in waiver of the complaint. *See* Tex. R. App. P. 33.1(a); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd). Counsel's brief raises the same argument as that made in *Solis*, that the sentence is disproportionate to the offense.

It has long been the general rule that assessment of a punishment within the limits set by the legislature will not be disturbed on appeal. *See Nunez v. State*, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978). In *Thomas v. State*, 916 S.W.2d 578 (Tex.App.–San Antonio 1996, no pet.), the San Antonio Court of Appeals found it could review a sentence to determine whether it is grossly disproportionate to the crime. *Id.* at 583. Only after determining the sentence is grossly disproportionate to the offense should a court consider other factors which bear on the claim, including sentences for similar crimes. *Id. See also Vrba v. State*, 69 S.W.3d 713, 724 (Tex.App.–Waco 2002, no pet.). Where the defendant's sentence is enhanced by a prior conviction, a reviewing court considers the defendant's criminal history. The record shows this prosecution resulted in appellant's third conviction for driving while intoxicated. We cannot say the record would support a meritorious argument that appellant's sentence was grossly disproportionate to the offense.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine

7

whether there are any arguable grounds which might support the appeal.[1]  *See Stafford,*

813 S.W.2d at 511.  We agree it presents no meritorious grounds for review.

Counsel's motion to withdraw is granted and the judgment of the trial court is

affirmed.

James T. Campbell
Justice

Do not publish.

---

[1] Our review is limited, though, to any issues related to revocation of appellant's community supervision.  Tex Code Crim. Proc. Ann. art. 42.12 § 23(b) (Vernon Supp. 2004); *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).